United States District Court
Southern District of Texas
**ENTERED**
April 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-26 |
| | § | |
| 1.8946 ACRES OF LAND, MORE OR LESS, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

# **ORDER**

The Court now considers the parties' joint discovery/case management plan[1] and joint motion for telephonic appearance.[2] In the joint discovery/case management plan, the parties inform the Court that Defendant Mauro R. Garcia, (hereafter, "Mr. Garcia") who is represented by counsel, conferred with the United States of America ("United States") and participated in the drafting of the joint discovery/case management plan in preparation for the April 14, 2020 initial pretrial and scheduling conference.[3]

The United States and Mr. Garcia (hereafter, "the parties") also inform the Court that Mr. Garcia and Defendant Olga Yolanda Garcia possess an equal undivided interest in the land at issue, but do not clarify whether Olga Yolanda Garcia is represented by counsel, whether she conferred with the United States, or whether she participated in the drafting of the joint discovery/case management plan.[4] In all future pleadings, the parties should provide this information to the Court and explain the relationship between Mr. Garcia and Olga Yolanda

---

[1] Dkt. No. 10.
[2] Dkt. No. 12.
[3] Dkt. No. 10 at 1, ¶ 1.
[4] *Id.* at 7, ¶ 15. Marco R. Garcia and Olga Yolanda Garcia are the only interested parties involved in the case.

Garcia. The Court now turns to the substance of the parties' joint discovery/case management plan.

The United States argues in the joint discovery/case management plan that discovery is not necessary in this case.[5] In contrast, Mr. Garcia maintains that limited discovery is necessary to address the issue of just compensation, and anticipates sending interrogatories to and taking depositions of United States officials involved in the Border Wall Program.[6] The parties do not inform the Court of Olga Yolanda Garcia's position on whether discovery is necessary in this case.[7]

Based on the record and the Court's familiarity with similar land condemnation cases, the Court finds that discovery is unnecessary at this time. To the extent Mr. Garcia seeks to depose government officials in order to argue that the United States' nominal just compensation estimate is inadequate, the Court has routinely agreed with this assertion and finds no need to allow discovery on the matter. Should Mr. Garcia wish to argue that a specific form of discovery is necessary in this case, this request should come in the form of a motion to the Court.

In light of the information provided in the joint discovery/case management plan,[8] the Court hereby sets the following deadlines:

---

[5] *Id.* at 6, ¶ 10.
[6] *Id.* at 4, ¶ 10(C); 6, ¶ 10(E). Defendant Mauro R. Garcia seeks to depose Loren Flossman, Acquisition Program Manager for the property in this case, and "anticipates sending interrogatories to Jason Powell, Director, Planning and Project Execution Division, Border Wall Program Management Office, Program Management Office Directorate, United States Border Patrol, as well as other members of the Program Management Office Directorate Wall Team, who collectively are responsible for implementing the border wall program and for determining the United States' alleged amount of just compensation."
[7] The parties alternate between referring to Mr. Garcia's arguments pertaining to discovery and suggesting that both Defendants agree on what discovery is necessary. For example, the joint discovery/case management plan provides: "Defendant Mauro R. Garcia anticipates sending interrogatories to Jason Powell. . ." Dkt. No. 10 at 4, ¶ 10(C). Yet, in the same paragraph the parties state that "Defendants anticipate sending interrogatories to the United States regarding their alleged estimate of just compensation at $100.00. . ." As a result, the Court is unable to discern Olga Yolanda Garcia's position on these issues. The confusion is perpetuated by the pending motion for leave to file an original answer, which is filed on behalf of Defendant Mauro R. Garcia individually. Dkt. No. 11.
[8] Dkt. No. 10.

| EVENTS | DEADLINES |
|---|---|
| Deadline to file all documentation adding, substituting, disclaiming or dismissing interested parties.<br><br>Note: If necessary, the United States may also file amended condemnation documents or an amended Schedule GG. | May 29, 2020 |
| Deadline to file briefs on the issue of just compensation and notify the Court as to whether the parties (1) consent to the Court deciding the issue of just compensation on the briefings; or (2) request an evidentiary hearing on the issue of just compensation. | June 12, 2020 |
| Deadline to file a joint status report detailing the case's status and intended future action. Alternatively, deadline to file any documentation establishing or stipulating to just compensation and/or dismissal documentation. | July 3, 2020 |
| Status conference. | July 14, 2020 at 9:00 a.m. |

This Order is binding on all parties and may be modified only for good cause and by leave of the Court. All other deadlines, which are not specifically set out in this Order, will be governed by the Federal Rules of Civil Procedure.

In light of this Order, there is no need for an initial pretrial and scheduling conference. Thus, the Court **CANCELS** the parties' April 14, 2020 initial pretrial and scheduling conference.[9] The Court also **DENIES AS MOOT** the joint motion for telephonic appearance.[10]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of April, 2020.

                                          _____
                                          Micaela Alvarez
                                          United States District Judge

---

[9] Dkt. No. 5.
[10] Dkt. No. 12.