Case 7:20-cv-00026 Document 14 Filed on 04/10/20 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-26 |
| | § | |
| 1.8946 ACRES OF LAND, MORE OR LESS, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The Court now considers the "Unopposed Motion for Leave to File [an] Original Answer"[1] (hereafter, "motion") filed by Marco R. Garcia Jr. (hereafter, "Mr. Garcia"). Mr. Garcia represents that the United States of America ("United States") is unopposed.[2] Therefore, the Court considers the motion as soon as practicable.[3]

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a land condemnation case commenced by the United States on January 28, 2020.[4] In the instant motion, Mr. Garcia provides that the United States sent him a request to waive service of process on February 3, 2020 and that he executed the waiver of service on February 27, 2020.[5] Mr. Garcia contends that pursuant to Federal Rule of Civil Procedure ("Rule") 4(d)(3), he had sixty days after receiving the United States' request for waiver of service to file an answer.[6] However, Mr. Garcia notes that the Court's docket provides that the deadline for the

---

[1] Dkt. No. 11.
[2] *Id.* at 3.
[3] L.R. 7.2.
[4] Dkt. Nos. 1–3. Mr. Garcia and Olga Yolanda Garcia are the sole defendants in this action. Mr. Garcia does not provide the relationship between himself and Ms. Garcia and does not indicate whether Ms. Garcia also intends to file an answer or intends to file this answer jointly with Mr. Garcia.
[5] Dkt. No. 11 at 1, ¶ 1. This is consistent with the return of summons filed on the Court's docket by the United States. Dkt. No. 9.
[6] Dkt. No. 11 at 2, ¶ 2.

filing of Mr. Garcia's answer was February 24, 2020.[7] Thus, out of an abundance of caution, Mr. Garcia filed the instant motion for leave on April 3, 2020, the date Mr. Garcia contends to be his actual deadline to file his answer. Should the Court find that Mr. Garcia's deadline to file an answer fell prior to April 3, 2020, Mr. Garcia requests the Court grant him leave to file his answer, which he attaches as an exhibit for the Court's review.[8] The Court now turns to its analysis.

## II. ANALYSIS

### a. Legal Standard

Rule 4 provides that if a defendant timely executes a waiver of service, that defendant has sixty days to file an answer to the complaint.[9] However, land condemnation proceedings such as this are governed by Rule 71.1. Pursuant to Rule 71.1, the United States may serve a defendant who resides within the United States and whose address is known by personally serving that defendant with the notice of condemnation in accordance with Rule 4.[10] Rule 71.1 also provides that a defendant "must serve an answer within 21 days after being served with the notice."[11]

Rule 71.1 does not address waiver of service or provide an alternate timeline for filing an answer. Moreover, courts have held that Rule 71.1 preempts all other rules of procedure in land condemnation actions.[12] The applicability of Rule 71.1 is further supported by the waiver of service signed by Mr. Garcia, which explicitly states: "I also understand that pursuant to Rule 71.1 of the Federal Rules of Civil Procedures [*sic*]. . . if I have an objection or defense to said

---

[7] *Id.*
[8] *Id.*; *see also* Dkt. No. 11-1.
[9] FED. R. CIV. P. 4(d)(3).
[10] FED. R. CIV. P. 71.1(d)(3)(A).
[11] *Id.* at 71.1(e)(2).
[12] *United States v. Land 0.135 acres of land, more or less, situate in Pars. of Orleans & Jefferson, La.*, No. CIV.A.09-3775, 2009 WL 2567459, at *1 (E.D. La. Aug. 17, 2009) (citing *United States v. Keller*, 142 F.3d 718, 722 (4th Cir.1998)) (holding that the time to file an answer in a land condemnation proceeding is governed by Rule 71.1, rather than Rule 4).

taking, I must serve an answer within twenty-one (21) days from service upon me by execution of this waiver, and that I will deemed to have waived all such defenses or objections that are not stated in said answer."[13] Accordingly, pursuant to Rule 71.1, Mr. Garcia's deadline to file an answer fell twenty-one days after he received notice of the condemnation on February 3, 2020. Accordingly, the Court finds Mr. Garcia's deadline to file an answer was February 24, 2020.

The Court notes that Mr. Garcia's motion is structured as a "motion for leave," but Mr. Garcia merely requests an extension of time to file an answer. Mr. Garcia has not filed an answer and instead filed the instant motion for leave on April 3, 2020.[14] At this stage, Mr. Garcia requires an extension of his deadline to file an answer. Thus, the Court will construe the instant motion for leave as a motion for extension of the deadline to file an answer.

Under Federal Rule of Civil Procedure 6(b), the Court applies the "good cause" standard to motions for extensions of time made before the deadline for the relevant act, a lenient standard compared to the "excusable neglect" standard applied to such motions made after the deadline. Because Mr. Garcia's instant request was made after the February 24, 2020 deadline, the Court evaluates it under the "excusable neglect" standard.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that an extension can be granted after a deadline "if the party failed to act because of excusable neglect."[15] The excusable neglect standard encompasses "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."[16] Whether a party's failure to meet a deadline constitutes excusable neglect "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of

---

[13] Dkt. No. 9 at 2.
[14] Dkt. No. 11.
[15] FED. R. CIV. P. 6(b)(1)(B).
[16] *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 388 (1993).

prejudice [], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[17]

    b. *Legal Analysis*

The Court finds Defendants' failure to file an answer prior to the February 24, 2020 deadline constitutes excusable neglect. There is clearly confusion on Mr. Garcia's part regarding the applicable Federal Rules of Civil Procedure and the deadline to file an answer with the Court. The requested extension will not prejudice the United States, who is unopposed.[18] Mr. Garcia has attached his proposed answer and is prepared to file it; therefore, an extension would not cause unreasonable delay. Finally, Mr. Garcia appears to be acting in good faith in his attempt to request leave of Court, rather than simply filing the answer by the date he perceived to be the correct deadline.[19]

### III. HOLDING

Accordingly, the Court finds Mr. Garcia has satisfied the "excusable neglect" standard entitling him to an extension. Accordingly, the Court **GRANTS** Mr. Garcia's motion[20] and **ORDERS** Mr. Garcia to file an answer as a separate filing on the docket by **Friday, April 17, 2020.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 10th day of April, 2020.

                                                                               *_____*
                                                                               Micaela Alvarez
                                                                               United States District Judge

---

[17] *Id.* at 395.
[18] Dkt. No. 11 at 3.
[19] *See* Dkt. No. 11.
[20] *Id.*