IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 7:20-cv-026 |
| 1.8946 ACRES OF LAND, MORE OR LESS, SITUATED IN STARR COUNTY, STATE OF TEXAS; AND MAURO R. GARCIA. JR., | § § § § § | |
| *Defendants*. | § | |

### **DEFENDANT MAURO R. GARCIA JR.'S ORIGINAL ANSWER**

Defendant MAURO R. GARCIA JR. ("Defendant"), hereby files his Original Answer to the United States of America's Complaint in Condemnation.

### **RESPONSES TO THE COMPLAINT IN CONDEMNATION (DKT. NO. 1)**

1. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2, subject to his objections and defenses stated below.

3. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3, which addresses Plaintiff's Schedule A ("Authority for the Taking," Dkt. No. 1-1).

4. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 1-

1).

    5.    Defendant asserts he and Olga Yolanda Garcia, as tenants in common, own a fee simple absolute interest along with in the approximately 1.8946 acres of land affected by this condemnation suit. In response to paragraph 5, Defendant admits that the legal description of this property in Schedule C ("Legal Description," Dkt. No. 1-1) appear to be more or less accurate. However, Defendant contests the accuracy of the aerial map or plat of these 1.8946 acres of land in Schedule D ("Map or Plat," Dkt. No. 1-1).

    6.    In response to paragraph 6, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 1-1), Defendant again asserts that he and Olga Yolanda Garcia own a fee simple absolute interest in the approximately 1.8946 acres of land affected by this condemnation suit. Defendant also admits that the legal description in Schedule C ("Legal Description," Dkt. No. 1-1) appears to be more or less accurate. However, Defendant contests the accuracy of the aerial map or plat of these 1.8946 acres of land in Schedule D ("Map or Plat," Dkt. No. 1-1).

    7.    Defendant denies that the sum estimated in paragraph 7, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 1-1), constitutes just compensation for the temporary one-year assignable easement. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the access to the land it seeks and for the period of time it seeks, in violation of Federal Rule of Civil Procedure 71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. Defendant asserts that the just compensation required under law is greater than Plaintiff alleges, and therefore requests, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), a trial by jury to determine just compensation for the taking and

2

a bench trial to determine any damages that may result from the taking.

8.   In response to paragraph 8, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 1-1), Defendant asserts that he and Olga Yolanda Garcia own a fee simple absolute interest in the approximately 1.8946 acres of land affected by this condemnation suit.

9.   To the extent that paragraph 9 requires an answer, Defendant again asserts that he and Olga Yolanda Garcia own a fee simple absolute interest in the 1.8946 acres of land affected by this condemnation suit.

## **RESPONSES TO THE DECLARATION OF TAKING (DKT. NO. 2)**

10.  Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1, which addresses Plaintiff's Schedule A ("Authority for the Taking," Dkt. No. 2-1).

11.  Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 2-1).

12.  In response to paragraph 3, Defendant admits that the legal description of this property in Schedule C ("Legal Description," Dkt. No. 2-1) appears to be more or less accurate.

13.  In response to paragraph 4, Defendant contests the accuracy of the aerial map or plat of these 1.8946 acres of land in Schedule D ("Map or Plat," Dkt. No. 2-1).

14.  In response to paragraph 5, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 2-1), Defendant incorporates his answer from paragraph 6, above.

15.  In response to paragraph 6, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 2-1), Defendant incorporates his answer from paragraph 7, above.

16.     In response to paragraph 7, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 2-1), Defendant incorporates his answer from paragraph 8, above.

17.     As for paragraph 8, Defendant admits that Plaintiff made some efforts to negotiate acquisition of the property interest sought; however, Defendant denies that Plaintiff made best efforts in this endeavor.

## DEFENDANT'S OBJECTIONS AND DEFENSES

18.     Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant sets out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking of a temporary assignable easement on the approximately 1.8946 acres of land Plaintiff seeks. Defendant would show the following:

19.     Plaintiff has exceeded its condemnation powers by seeking to conduct surveying and testing needed prior to constructing "related structures" on the condemned property. The stated intent to construct "related structures" exceeds the grant of authority contained in 8 U.S.C. § 1103(b) and note, which provides for "reinforced fencing," "physical barriers, roads, lighting, cameras, and sensors," but not "related structures." To the extent that Plaintiff's stated public purpose fails to define "related structures," Defendant objects. *See* Schedule B, Dkt. No. 1-1, 2-1.

20.     Plaintiff has exceeded its condemnation powers by seeking to condemn property that is not "adjacent to or in the vicinity of an international land border." That stated intent to condemn Defendant's property exceeds the grant of authority contained in 8 U.S.C. § 1103(b)(1), which allows "[t]he Attorney General" to "contract for or buy any interest in land, including temporary use rights, adjacent to or in the vicinity of an international land border." As defined by

4

Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas Co.*, 62 F.Supp.194 (S.D. Tex. 1945), and the Supreme Court in *U.S. v. States of La., Tex., Miss., Ala. and Fla.*, 363 U.S. 1, 36, 48 (1960), in Texas the international border between the United States and Mexico is not a "land border," but instead a water border, comprised of "a line commencing at the mouth of the Rio Grande, thence up the middle of that river to the southern boundary of New Mexico." *Amaya* at 194. *See* Schedule D, Dkt. No. 1-1, 2-1.

21. Plaintiff has exceeded its condemnation powers by failing to engage in bona fide negotiations with Defendant. Specifically, Plaintiff initiated the instant proceeding against Defendant's property without either (i) inviting Defendant to fix a price for the interest Plaintiff seeks, or (ii) making best efforts to agree with Defendant on a reasonable price for that interest in line with rational and lawful standards for determining a reasonable price. Defendant objects to the extent that this failure violates 8 U.S.C. § 1103(b)(2) and (3).

22. Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in 8 U.S.C. § 1103(b) and note. This provision requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, local governments, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which fencing is to be constructed" (emphasis added).

23. To the extent that Plaintiff may not have complied with all federal statutes before declaring a public purpose, Defendant objects.

24. To the extent that Plaintiff has failed to conform the proposed condemnation to the Uniform Appraisal Standards for Federal Land Acquisitions, Defendant objects.

25. To the extent that Plaintiff has exercised its condemnation authority under 8 U.S.C. § 1103(b) and note in an arbitrary and capricious manner, in violation of the equal protection guarantees of the Fifth Amendment to the United States Constitution, Defendant objects. On information and belief, Plaintiff has exercised its condemnation authority to take the property of small, vulnerable landowners, including Defendant, while leaving other landowners to the undisturbed possession of their estates.

26. To the extent that the property interests Plaintiff seeks to condemn may be subject to an exception set forth in the Secure Fence Act of 2006 if the topography of the relevant land has an elevation grade greater than ten percent, Defendant objects.

27. To the extent that the condemnation of the property may violate the Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary, Nov. 23, 1970, 23 U.S.T. 390, T.I.A.S. No. 7313 (Rio Grande and Colorado River Treaty) and the Treaty of Feb. 3, 1944, 59 Stat. 1224 and exacerbate flooding on Defendant's property, Defendant objects.

28. Defendant reserves his right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's land.

29. Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, en banc).

30. Defendant reserves the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

31. Defendant reserves further the right to file additional objections and defenses to Plaintiff's proposed temporary taking if Plaintiff files any additional amendments or if circumstances otherwise change.

## **RELIEF REQUESTED**

32. For the foregoing reasons, Defendant MAURO R. GARCIA JR. respectfully requests that the Court:

   a. Enter an order denying the 12-month, fully assignable temporary easement sought by Plaintiff, since the scope of the easement exceeds Plaintiff's authority. In the alternative, should the Court be inclined to grant the 12-month, fully assignable temporary easement requested, then:

   b. Enter an order limiting the duration of the temporary easement to no more than ninety (90) days or other duration the Court deems just and proper;

   c. Allow Defendant to recover his expenses for attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) or the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable;

   d. Grant Defendant's request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation; and

   e. Grant Defendant any other relief the Court deems proper.

Dated: April 16, 2020                                Respectfully submitted,

                                                     */s/ Kevin M. Sanchez*
                                                     Kevin M. Sanchez

             Attorney-in-Charge
             State Bar No. 24104295
             Federal ID# 3083798

             **DYKEMA GOSSETT PLLC**
             1400 N. McColl Road, Suite 204
             McAllen, Texas 78501
             (956) 984-7400 - Telephone
             (956) 984-7499 – Facsimile
             KSanchez@dykema.com

             *Attorney for Defendant,*
             *Mauro R. Garcia. Jr.*

## Certificate of Service

   The undersigned counsel hereby certifies that, on the 16th day of April 2020, he electronically submitted a true and correct copy of the foregoing Original Answer with the Court via the CM/ECF system, which will serve a copy on all counsel of record.

             */s/ Kevin M. Sanchez*
             Kevin M. Sanchez